JONATHAN A. STIEGLITZ, ESQ.
(SBN 278028)
jonathan.a.stieglitz@gmail.com
THE LAW OFFICES OF
JONATHAN A. STIEGLITZ
11845 W. Olympic Blvd., Suite 800
Los Angeles, California 90064
Telephone:   (323) 979-2063
Facsimile:    (323) 488-6748

Attorney for Plaintiff

# UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF CALIFORNIA
## WESTERN DIVISION

| | |
|---|---|
| Artis Cash,<br><br>                    Plaintiff,<br><br>        -against-<br><br>Experian Information Solutions, Inc.,<br>Equifax Information Services, LLC<br>TransUnion, LLC,<br>Synchrony Bank,<br>Conn Appliances, Inc.,<br><br>                    Defendant(s). | Case No.:<br><br>**COMPLAINT** for violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq*.<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Artis Cash ("Plaintiff"), by and through his attorneys, The Law

Offices of Jonathan A. Stieglitz, as and for its Complaint against Defendant

Experian Information Solutions, Inc. ("Experian"), Defendant Equifax Information

Services, LLC ("Equifax"), Defendant TransUnion, LLC. ("TransUnion"),

Defendant Synchrony Bank ("Synchrony") and Defendant Conn Appliances, Inc.,

("Conn") respectfully sets forth, complains, and alleges, upon information and belief, the following:

## JURISDICTION AND VENUE

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1367, as well as 15 U.S.C. § 1681p *et seq.*

2. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2), being that the acts and transactions occurred here, Plaintiff resides here, and Defendant transacts business here.

3. Plaintiff brings this action for damages arising from the Defendant's violations of 15 U.S.C. § 1681 *et seq.*, commonly known as the Fair Credit Reporting Act ("FCRA").

## PARTIES

4. Plaintiff is a resident of the State of California, County of Los Angeles, residing at 2202 S. Figueroa Street, #156, Los Angeles, California 90007.

5. At all times material hereto, Plaintiff was a "consumer" as said term is defined under 15 U.S.C. § 1681a(c).

6. Defendant Experian Information Solutions, Inc., is a consumer reporting agency as defined by 15 U.S.C. § 1681a(f) and conducts substantial and regular business activities in this judicial district. Defendant Experian is an Ohio corporation registered to do business in the State of California, and may

be served with process upon C T Corporation System, its registered agent for service of process at 818 West Seventh Street, Suite 930, Los Angeles, CA 90017.

7.  At all times material here to Experian is a consumer reporting agency regularly engaged in the business of assembling, evaluating and disbursing information concerning consumers for the purpose of furnishing consumer reports, as said term is defined under 15 U.S.C. § 1681(d) to third parties.

8.  At all times material hereto, Experian disbursed such consumer reports to third parties under a contract for monetary compensation.

9.  Defendant Equifax Information Services, LLC, is a consumer reporting agency as defined by 15 U.S.C. § 1681a(f) and conducts substantial and regular business activities in this judicial district. Defendant Equifax is a Georgia corporation registered to do business in the State of California, and may be served with process upon The Prentice-Hall Corporation, Inc., its registered agent for service of process at 2710 Gateway Oaks Drive, Suite 150N, Sacramento, CA 95833.

10. At all times material here to Equifax is a consumer reporting agency regularly engaged in the business of assembling, evaluating and disbursing information concerning consumers for the purpose of furnishing consumer reports, as said term is defined under 15 U.S.C. § 1681(d) to third parties.

11. At all times material hereto, Equifax disbursed such consumer reports to third parties under a contract for monetary compensation.

12. Defendant Synchrony Bank is a person who furnishes information to consumer reporting agencies under 15 U.S.C. § 1681s-2 and may be served with process upon C T Corporation System, its registered agent for service of process at 818 West Seventh Street, Suite 930, Los Angeles, CA 90017.

13. Defendant Conn Appliances, Inc., is a person who furnishes information to consumer reporting agencies under 15 U.S.C. § 1681s-2 and may be served with process upon C T Corporation System, its registered agent for service of process at 818 West Seventh Street, Suite 930, Los Angeles, CA 90017.

## **FACTUAL ALLEGATIONS**

14. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

## Synchrony Violation

15. On information and belief, on a date better known to Defendants Experian, and Trans Union hereinafter ("the Bureaus"), the Bureaus prepared and issued credit reports concerning the Plaintiff that included inaccurate

information relating to his Synchrony Bank account, account #600889535XXXX.

16. The inaccurate information furnished by Defendant Synchrony and published by the Bureaus is inaccurate because the tradeline contained inconsistent balances that would confuse both the Plaintiff and any party reviewing his credit report what amount if any was actually owed.

17. This balance is listed as $1,541, while the past due is only $347. Furthermore, the charge off amount is $1,270, meaning somehow the alleged balance went up while the past due balance stayed the same.

18. The Bureaus have been reporting this inaccurate information through the issuance of false and inaccurate credit information and consumer reports that they have disseminated to various persons and credit grantors, both known and unknown.

19. Plaintiff notified the Bureaus that he disputed the information the Bureaus were reporting on or around April 18, 2019, specifically stating in a letter sent to each bureau that he was disputing the inaccurately listed balance.

20. It is believed and therefore averred that the Bureaus notified Defendant Synchrony Bank of the Plaintiff's dispute.

21. Upon receipt of the dispute of the account from the Plaintiff by the Bureaus, Synchrony failed to conduct a reasonable investigation and

continued to report false and inaccurate adverse information on the consumer report of the Plaintiff with respect to the disputed account.

22. Had Synchrony done a proper investigation it would have been revealed to Synchrony that the account contained improper and inconsistent balances.

23. Furthermore, Defendant Synchrony failed to continuously mark the account as disputed despite receiving notice of the Plaintiff's dispute.

24. Despite the dispute by the Plaintiff that the information on his consumer report was inaccurate with respect to the disputed account, the Bureaus did not evaluate or consider any of the information, claims, or evidence of the Plaintiff and did not make an attempt to substantially reasonably verify that the derogatory information concerning the disputed account was inaccurate.

25. The Bureaus violated 15 U.S. Code § 1681i (a)(1)(A) by failing to conduct a reasonable investigation since it failed to delete or correct the disputed trade line within 30 days of receiving Plaintiff's dispute letter.

26. Additionally, Defendant Experian responded to Plaintiff's dispute stating that Plaintiff's disputed account was not listed on his credit report, when this was not the case.

27. Experian's failure to conduct a reasonable investigation of the Plaintiff's dispute as required amounts to a willful violation, since Experian can see for themselves, the account clearly appears on the Plaintiff's report.

28. Notwithstanding Plaintiff's efforts, Defendants continued to publish and disseminate such inaccurate information to other third parties, persons, entities and credit grantors.

29. As a result of Defendants' failure to comply with the FCRA, the Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, a chilling effect on applications for future credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denial.

<u>Conn Dispute and Violations</u>

30. On information and belief, on a date better known to Defendants TransUnion, Equifax, and Experian, hereinafter ("Credit Bureaus"), Credit Bureaus prepared and issued credit reports concerning the Plaintiff that included inaccurate information relating to his Conn account #445220XXXX.

31. The inaccurate information furnished by Defendant Conn and published by the Credit Bureaus is inaccurate because the tradeline contained inconsistent balances that would confuse both the Plaintiff and any party reviewing his credit report what amount if any was actually owed.

32. This balance is listed as $3,385, while the past due is only $3334. Furthermore, the charge off amount is $3421, meaning somehow the alleged balance went down but a different amount then the past due amount went down.

33. The Credit Bureaus have been reporting this inaccurate information through the issuance of false and inaccurate credit information and consumer reports that they have disseminated to various persons and credit grantors, both known and unknown.

34. Plaintiff notified the Credit Bureaus that he disputed the information the Credit Bureaus were reporting on or around April 18, 2019, specifically stating in a letter sent to each bureau that he was disputing the inaccurately listed balance.

35. It is believed and therefore averred that the Credit Bureaus notified Defendant Conn of the Plaintiff's dispute.

36. Upon receipt of the dispute of the account from the Plaintiff by the Credit Bureaus, Conn failed to conduct a reasonable investigation and continued to report false and inaccurate adverse information on the consumer report of the Plaintiff with respect to the disputed account.

37. Had Conn done a proper investigation it would have been revealed to Conn that the account contained improper and inconsistent balances.

38. Furthermore, Defendant Conn failed to continuously mark the account as disputed despite receiving notice of the Plaintiff's dispute.

39. Despite the dispute by the Plaintiff that the information on his consumer report was inaccurate with respect to the disputed account, the Credit Bureaus did not evaluate or consider any of the information, claims, or

evidence of the Plaintiff and did not make an attempt to substantially reasonably verify that the derogatory information concerning the disputed account was inaccurate.

40. The Credit Bureaus violated 15 U.S. Code § 1681i (a)(1)(A) by failing to conduct a reasonable investigation since it failed to delete or correct the disputed trade line within 30 days of receiving Plaintiff's dispute letter.

41. Additionally, Defendant Experian responded to Plaintiff's dispute stating that Plaintiff's disputed account was not listed on his credit report, when this was not the case.

42. Experian's failure to conduct a reasonable investigation of the Plaintiff's dispute as required amounts to a willful violation, since Experian can see for themselves, the account clearly appears on the Plaintiff's report.

43. Notwithstanding Plaintiff's efforts, Defendants continued to publish and disseminate such inaccurate information to other third parties, persons, entities and credit grantors.

44. As a result of Defendants' failure to comply with the FCRA, the Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, a chilling effect on applications for future credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denial.

## **FIRST CAUSE OF ACTION**

### **(Willful Violation of the FCRA as to Experian)**

45. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully state herein with the same force and effect as if the same were set forth at length herein.

46. This is an action for willful violation of the Fair Credit Reporting Act U.S.C. § 1681 *et seq.*

47. Experian violated 15 U.S.C. § 1681(e) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files that Experian maintained concerning the Plaintiff.

48. Furthermore, Experian violated 15 U.S.C. § 1681i(a)(1) by failing to delete inaccurate information from the credit file of the Plaintiff after receiving actual notice of such inaccuracies and conducting a reinvestigation and by failing to maintain reasonable procedures with which to verify the disputed information in the credit file of the Plaintiff.

49. Experian has willfully and recklessly failed to comply with the Act. The failures of Experian to comply with the Act include but are not necessarily limited to the following:

a)  The failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported;

b) The failure to correct erroneous personal information regarding the Plaintiff after a reasonable request by the Plaintiff;

c) The failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by the Plaintiff;

d) The failure to promptly and adequately investigate information which Defendant Experian had notice was inaccurate;

e) The continual placement of inaccurate information into the credit report of the Plaintiff after being advised by the Plaintiff that the information was inaccurate;

f) The failure to continuously note in the credit report that the Plaintiff disputed the accuracy of the information;

g) The failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Experian to delete;

h) The failure to take adequate steps to verify information Experian had reason to believe was inaccurate before including it in the credit report of the consumer.

50. As a result of the conduct, action and inaction of Experian, the Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, a chilling effect on future credit applications, and the mental

and emotional pain, anguish, humiliation and embarrassment of credit denial.

51. The conduct, action and inaction of Experian was willful rendering Experian liable for actual, statutory and punitive damages in an amount to be determined by a Judge and or Jury pursuant to 15 U.S.C. § 1681(n).

52. The Plaintiff is entitled to recover reasonable costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681(n).

WHEREFORE, Plaintiff, Artis Cash, an individual, demands judgment in his favor against Defendant, Experian, for damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681n.

## SECOND CAUSE OF ACTION
### (Negligent Violation of the FCRA as to Experian)

53. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully state herein with the same force and effect as if the same were set forth at length herein.

54. This is an action for negligent violation of the Fair Credit Reporting Act U.S.C. § 1681 *et seq*.

55. Experian violated 15 U.S.C. § 1681i(a) by failing to delete inaccurate information from the credit file of the Plaintiff after receiving actual notice of such inaccuracies and conducting reinvestigation and by failing to

maintain reasonable procedures with which to verify the disputed information in the credit file of the Plaintiff.

56. Furthermore, Experian violated 15 U.S.C. § 1681i(a)(1) by failing to delete inaccurate information from the credit file of the Plaintiff after receiving actual notice of such inaccuracies and conducting reinvestigation and by failing to maintain reasonable procedures with which to verify the disputed information in the credit file of the Plaintiff.

57. Experian has negligently failed to comply with the Act. The failure of Experian to comply with the Act include but are not necessarily limited to the following:

    a) The failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported;

    b) The failure to correct erroneous personal information regarding the Plaintiff after a reasonable request by the Plaintiff;

    c) The failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by the Plaintiff;

    d) The failure to promptly and adequately investigate information which Defendant Experian had notice was inaccurate;

    e) The continual placement of inaccurate information into the credit report of the Plaintiff after being advised by the Plaintiff that the information was inaccurate;

f) The failure to continuously note in the credit report that the Plaintiff disputed the accuracy of the information;

g) The failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Experian to delete;

h) The failure to take adequate steps to verify information Experian had reason to believe was inaccurate before including it in the credit report of the consumer.

58. As a result of the conduct, action and inaction of Experian, the Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, a chilling effect on future credit applications, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denial.

59. The conduct, action and inaction of Experian was negligent, entitling the Plaintiff to damages under 15 U.S.C. § 1681o.

60. The Plaintiff is entitled to recover reasonable costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and 1681o.

WHEREFORE, Plaintiff, Artis Cash, an individual, demands judgment in his favor against Defendant, Experian, for damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681o.

## THIRD CAUSE OF ACTION
### (Willful Violation of the FCRA as to Equifax)

61. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully state herein with the same force and effect as if the same were set forth at length herein.

62. This is an action for willful violation of the Fair Credit Reporting Act U.S.C. § 1681 *et seq*.

63. Equifax violated 15 U.S.C. § 1681(e) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files that Equifax maintained concerning the Plaintiff.

64. Furthermore, Equifax violated 15 U.S.C. § 1681i(a)(1) by failing to delete inaccurate information from the credit file of the Plaintiff after receiving actual notice of such inaccuracies and conducting a reinvestigation and by failing to maintain reasonable procedures with which to verify the disputed information in the credit file of the Plaintiff.

65. Equifax has willfully and recklessly failed to comply with the Act. The failures of Equifax to comply with the Act include but are not necessarily limited to the following:

    a) The failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported;

b)  The failure to correct erroneous personal information regarding the Plaintiff after a reasonable request by the Plaintiff;

c)  The failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by the Plaintiff;

d)  The failure to promptly and adequately investigate information which Defendant Equifax had notice was inaccurate;

e)  The continual placement of inaccurate information into the credit report of the Plaintiff after being advised by the Plaintiff that the information was inaccurate;

f)  The failure to continuously note in the credit report that the Plaintiff disputed the accuracy of the information;

g)  The failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Equifax to delete;

h)  The failure to take adequate steps to verify information Equifax had reason to believe was inaccurate before including it in the credit report of the consumer.

66. As a result of the conduct, action and inaction of Equifax, the Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, a chilling effect on future credit applications, and the mental

and emotional pain, anguish, humiliation and embarrassment of credit denial.

67. The conduct, action and inaction of Equifax was willful rendering Equifax liable for actual, statutory and punitive damages in an amount to be determined by a Judge and or Jury pursuant to 15 U.S.C. § 1681(n).

68. The Plaintiff is entitled to recover reasonable costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681(n).

WHEREFORE, Plaintiff, Artis Cash, an individual, demands judgment in his favor against Defendant, Equifax, for damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681n.

## **FOURTH CAUSE OF ACTION**
### **(Negligent Violation of the FCRA as to Equifax)**

69. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully state herein with the same force and effect as if the same were set forth at length herein.

70. This is an action for negligent violation of the Fair Credit Reporting Act U.S.C. § 1681 *et seq*.

71. Equifax violated 15 U.S.C. § 1681i(a) by failing to delete inaccurate information from the credit file of the Plaintiff after receiving actual notice of such inaccuracies and conducting reinvestigation and by failing to

- 17 -

maintain reasonable procedures with which to verify the disputed information in the credit file of the Plaintiff.

72. Furthermore, Equifax violated 15 U.S.C. § 1681i(a)(1) by failing to delete inaccurate information from the credit file of the Plaintiff after receiving actual notice of such inaccuracies and conducting reinvestigation and by failing to maintain reasonable procedures with which to verify the disputed information in the credit file of the Plaintiff.

73. Equifax has negligently failed to comply with the Act. The failure of Equifax to comply with the Act include but are not necessarily limited to the following:

    a) The failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported;

    b) The failure to correct erroneous personal information regarding the Plaintiff after a reasonable request by the Plaintiff;

    c) The failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by the Plaintiff;

    d) The failure to promptly and adequately investigate information which Defendant Equifax had notice was inaccurate;

    e) The continual placement of inaccurate information into the credit report of the Plaintiff after being advised by the Plaintiff that the information was inaccurate;

f) The failure to continuously note in the credit report that the Plaintiff disputed the accuracy of the information;

g) The failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Equifax to delete;

h) The failure to take adequate steps to verify information Equifax had reason to believe was inaccurate before including it in the credit report of the consumer.

74. As a result of the conduct, action and inaction of Equifax, the Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, a chilling effect on future credit applications, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denial.

75. The conduct, action and inaction of Equifax was negligent, entitling the Plaintiff to damages under 15 U.S.C. § 1681o.

76. The Plaintiff is entitled to recover reasonable costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and 1681o.

WHEREFORE, Plaintiff, Artis Cash, an individual, demands judgment in his favor against Defendant, Equifax, for damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681o.

## FIFTH CAUSE OF ACTION
### (Willful Violation of the FCRA as to Transunion)

77. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully state herein with the same force and effect as if the same were set forth at length herein.

78. This is an action for willful violation of the Fair Credit Reporting Act U.S.C. § 1681 *et seq.*,

79. Transunion violated 15 U.S.C. § 1681(e) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files that Transunion maintained concerning the Plaintiff.

80. Transunion has willfully and recklessly failed to comply with the Act. The failure of Transunion to comply with the Act include but are not necessarily limited to the following:

   a) The failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported;

   b) The failure to correct erroneous personal information regarding the Plaintiff after a reasonable request by the Plaintiff;

   c) The failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by the Plaintiff;

d) The failure to promptly and adequately investigate information which Defendant Transunion had notice was inaccurate;

e) The continuous placement of inaccurate information into the credit report of the Plaintiff after being advised by the Plaintiff that the information was inaccurate;

f) The failure to note in the credit report that the Plaintiff disputed the accuracy of the information;

g) The failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Transunion to delete;

h) The failure to take adequate steps to verify information Transunion had reason to believe was inaccurate before including it in the credit report of the consumer.

81. As a result of the conduct, action and inaction of Transunion, the Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denial.

82. The conduct, action and inaction of Transunion was willful rendering Transunion liable for actual, statutory and punitive damages in an amount to be determined by a Judge and/or Jury pursuant to 15 U.S.C. § 1681n.

83. The Plaintiff is entitled to recover reasonable costs and attorney's fees from Transunion in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiff, Artis Cash, an individual, demands judgment in his favor against Defendant, Transunion, for damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681n.

### SIXTH CAUSE OF ACTION
### (Negligent Violation of the FCRA as to Transunion)

84. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully state herein with the same force and effect as if the same were set forth at length herein.

85. This is an action for negligent violation of the Fair Credit Reporting Act U.S.C. § 1681 *et seq*.

86. Transunion violated 15 U.S.C. § 1681i(a) by failing to delete inaccurate information from the credit file of the Plaintiff after receiving actual notice of such inaccuracies and conducting reinvestigation and by failing to maintain reasonable procedures with which to verify the disputed information in the credit file of the Plaintiff.

87. Transunion has negligently failed to comply with the Act. The failure of Transunion to comply with the Act include but are not necessarily limited to the following:

a) The failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported;

b) The failure to correct erroneous personal information regarding the Plaintiff after a reasonable request by the Plaintiff;

c) The failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by the Plaintiff;

d) The failure to promptly and adequately investigate information which Defendant Transunion had notice was inaccurate;

e) The continuous placement of inaccurate information into the credit report of the Plaintiff after being advised by the Plaintiff that the information was inaccurate;

f) The failure to note in the credit report that the Plaintiff disputed the accuracy of the information;

g) The failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Transunion to delete;

h) The failure to take adequate steps to verify information Transunion had reason to believe was inaccurate before including it in the credit report of the consumer.

88. As a result of the conduct, action and inaction of Transunion, the Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit

from credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denial.

89. The conduct, action and inaction of Transunion was negligent, entitling the Plaintiff to damages under 15 U.S.C. § 1681o.

90. The Plaintiff is entitled to recover reasonable costs and attorney's fees from Transunion in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and 1681o.

WHEREFORE, Plaintiff, Artis Cash, an individual, demands judgment in his favor against Defendant, Transunion, for damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681n.

## SEVENTH CAUSE OF ACTION
### (Willful Violation of the FCRA as to Synchrony Bank)

91. Plaintiff incorporates by reference the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

92. This is an action for willful violation of the Fair Credit Reporting Act U.S.C. § 1681 *et seq*.

93. Pursuant to the Act, all persons who furnished information to reporting agencies must participate in re-investigations conducted by the agencies

when consumers dispute the accuracy and completeness of information contained in a consumer credit report.

94. Pursuant to the Act, a furnisher of disputed information is notified by the reporting agency when the agency receives a notice of dispute from a consumer such as the Plaintiff. The furnisher must then conduct a timely investigation of the disputed information and review all relevant information provided by the agency.

95. The results of the investigation must be reported to the agency and, if the investigation reveals that the original information is incomplete or inaccurate, the information from a furnisher such as the Defendant must report the results to other agencies which were supplied such information.

96. The Defendant Synchrony Bank violated 15 U.S.C. § 1681s-2 by the publishing of the Account Liability Representation; by failing to fully and improperly investigate the dispute of the Plaintiff with respect to the Account Liability Representation; by failing to review all relevant information regarding same; and by failing to correctly report results of an accurate investigation to the credit reporting agencies.

97. Specifically, the Defendant Synchrony Bank continued to report this account on the Plaintiff's credit report after being notified of his dispute regarding the improper balance.

98. Additionally, Defendant Synchrony failed to continuously mark the account as disputed after receiving notice of the Plaintiff's dispute.

99. As a result of the conduct, action and inaction of the Defendant Synchrony Bank, the Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, a chilling effect on future credit applications, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denial.

100. The conduct, action and inaction of Defendant Synchrony Bank was willful, rendering Defendant Synchrony Bank liable for actual, statutory and punitive damages in an amount to be determined by a jury pursuant to 15 U.S.C. § 1681n.

101. The Plaintiff is entitled to recover reasonable costs and attorney's fees from Defendant Synchrony Bank in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiff, Artis Cash, an individual, demands judgment in his favor against Defendant Synchrony Bank for damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681n.

**EIGHTHCAUSE OF ACTION**
**(Negligent Violation of the FCRA as to Synchrony Bank)**

102.    Plaintiff incorporates by reference the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

103.    This is an action for negligent violation of the Fair Credit Reporting Act U.S.C. § 1681 *et seq*.

104.    Pursuant to the Act, all person who furnished information to reporting agencies must participate in re-investigations conducted by the agencies when consumers dispute the accuracy and completeness of information contained in a consumer credit report.

105.    Pursuant to the Act, a furnisher of disputed information is notified by the reporting agency when the agency receives a notice of dispute from a consumer such as the Plaintiff. The furnisher must then conduct a timely investigation of the disputed information and review all relevant information provided by the agency.

106.    The results of the investigation must be reported to the agency and, if the investigation reveals that the original information is incomplete or inaccurate, the information from a furnisher such as the above-named Defendant must be reported to other agencies which were supplied such information.

107.    Defendant Synchrony Bank is liable to the Plaintiff for failing to comply with the requirements imposed on furnishers of information pursuant to 15 U.S.C. § 1681s-2.

108.    After receiving the Dispute Notices from the Bureaus, Defendant Synchrony Bank negligently failed to conduct its reinvestigation in good faith.

109.    A reasonable investigation would require a furnisher such as Defendant Synchrony to consider and evaluate a specific dispute by the consumer, along with all other facts, evidence and materials provided by the agency to the furnisher.

110.    Additionally, Defendant Synchrony failed to continuously mark the account as disputed after receiving notice of the Plaintiff's dispute.

111.    The conduct, action and inaction of Defendant Synchrony Bank was negligent, entitling the Plaintiff to recover actual damages under 15 U.S.C. § 1681o.

112.    As a result of the conduct, action and inaction of the Defendant Synchrony Bank, the Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, a chilling effect on future credit applications, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denial.

113.    The Plaintiff is entitled to recover reasonable costs and attorney's fees from the Defendant Synchrony Bank in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and 1681o.

WHEREFORE, Plaintiff, Artis Cash, an individual, demands judgment in his favor against Defendant Synchrony Bank, for damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681o.

## NINTH CAUSE OF ACTION
### (Willful Violation of the FCRA as to Defendant Conn)

114.    Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully state herein with the same force and effect as if the same were set forth at length herein.

115.    This is an action for willful violation of the Fair Credit Reporting Act U.S.C. § 1681 *et seq*.

116.    Pursuant to the Act, all persons who furnished information to reporting agencies must participate in re-investigations conducted by the agencies when consumers dispute the accuracy and completeness of information contained in a consumer credit report.

117.    Pursuant to the Act, a furnisher of disputed information is notified by the reporting agency when the agency receives a notice of dispute from a consumer such as the Plaintiff. The furnisher must then conduct a timely

investigation of the disputed information and review all relevant

information provided by the agency.

118.   The results of the investigation must be reported to the agency and, if

the investigation reveals that the original information is incomplete or

inaccurate, the information from a furnisher such as the above listed must

report the results to other agencies which were supplied such information.

119.   The Defendant Conn violated 15 U.S.C. § 1681s2-b by the publishing

of the Account Liability Representation; by failing to fully and properly

investigate the dispute of the Plaintiff with respect to the Account Liability

Representation; by failing to review all relevant information regarding same

by failing to correctly report results of an accurate investigation to the

credit reporting agencies.

120.   Specifically, the Defendant Conn continued to report the Conn account

on the Plaintiff's Experian and TransUnion credit reports after being

notified of his dispute regarding the inaccurate balance.

121.   Additionally, Defendant Conn failed to continuously mark the account

as disputed despite receiving notice of the Plaintiff's dispute.

122.   As a result of the conduct, action and inaction of the Defendant Conn,

the Plaintiff suffered damage for the loss of credit, loss of the ability to

purchase and benefit from credit, and the mental and emotional pain,

anguish, humiliation and embarrassment of credit denials.

123.    The conduct, action and inaction of Defendant Conn was willful, rendering Defendant Conn liable for actual, statutory and punitive damages in an amount to be determined by a jury pursuant to 15 U.S.C. § 1681n.

124.    The Plaintiff is entitled to recover reasonable costs and attorney's fees from Defendant Conn in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiff, Artis Cash, an individual, demands judgment in his favor against Defendant Conn for damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681n.

## TENTH CAUSE OF ACTION
### (Negligent Violation of the FCRA as to Defendant Conn)

125.    Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully state herein with the same force and effect as if the same were set forth at length herein.

126.    This is an action for negligent violation of the Fair Credit Reporting Act U.S.C. § 1681 *et seq*.

127.    Pursuant to the Act, all persons who furnished information to reporting agencies must participate in re-investigations conducted by the agencies when consumers dispute the accuracy and completeness of information contained in a consumer credit report.

128.    Pursuant to the Act, a furnisher of disputed information is notified by the reporting agency when the agency receives a notice of dispute from a consumer such as the Plaintiff. The furnisher must then conduct a timely investigation of the disputed information and review all relevant information provided by the agency.

129.    The results of the investigation must be reported to the agency and, if the investigation reveals that the original information is incomplete or inaccurate, the information from a furnisher such as the Defendant must report the results to other agencies which were supplied such information.

130.    Defendant Conn is liable to the Plaintiff for failing to comply with the requirements imposed on furnishers of information pursuant to 15 U.S.C. § 1681s2-b.

131.    After receiving the Dispute Notices from the Bureaus, Defendant Conn negligently failed to conduct its reinvestigation in good faith.

132.    A reasonable investigation would require a furnisher such as Defendant Conn to consider and evaluate a specific dispute by the consumer, along with all other facts, evidence and materials provided by the agency to the furnisher.

133.    Additionally, Defendant Conn failed to continuously mark the account as disputed despite receiving notice of the Plaintiff's dispute.

134.    The conduct, action and inaction of Defendant Conn was negligent, entitling the Plaintiff to recover actual damages under 15 U.S.C. § 1681o.

135.    As a result of the conduct, action and inaction of the Defendant Conn, the Plaintiff suffered damage for the loss of credit, loss of the ability to purchase and benefit from credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denials.

136.    The Plaintiff is entitled to recover reasonable costs and attorney's fees from the Defendant Conn in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and 1681o.

WHEREFORE, Plaintiff, Artis Cash, an individual, demands judgment in his favor against Defendant Conn, for damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681n.

## **DEMAND FOR TRIAL BY JURY**

137.    Plaintiff demands and hereby respectfully requests a trial by jury for all claims and issues in this complaint to which Plaintiff is or may be entitled to a jury trial.

# **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff demands judgment from the Defendants as follows:

   a)   For actual damages provided and pursuant to 15 U.S.C. § 1681(o)(a) be awarded for each negligent violation as alleged herein;

   b)   For actual damages provided and pursuant to 15 U.S.C. § 1640(a)(1);

   c)   For statutory damages provided and pursuant to 15 U.S.C. § 1681n(a);

   d)   For statutory damages provided and pursuant to 15 U.S.C. § 1640(a)(2);

   e)   For Punitive damages provided and pursuant to 15 U.S.C. § 1681n(a)(2);

   f)   For attorney fees and costs provided and pursuant to 15 U.S.C. § 1681n(a)(3), 15 U.S.C. § 1681o(a)(2) and 15 U.S.C. § 1640(a)(3);

   g)   For any such other and further relief, as well as further costs, expenses and disbursements of this action as this Court may deem just and proper.

Dated:  April 29, 2021,

                                    THE LAW OFFICES OF
                                    JONATHAN A. STIEGLITZ

                         By:      /s/ Jonathan A Stieglitz
                                    Jonathan A Stieglitz