Jennifer Bergh (State Bar No. 305219)
jbergh@qslwm.com
Quilling, Selander, Lownds,
Winslett & Moser, P.C.
2001 Bryan Street, Suite 1800
Dallas, TX 75201
(214) 560-5460
(214) 871-2111 Fax
*Counsel for Trans Union LLC*

# UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Artis Cash, | Case No.: 2:21-cv-3672-RGK-SHK |
| Plaintiff, | **JOINT RULE 26(f) REPORT** |
| -against- | |
| Transunion, LLC,<br>Synchrony Bank, | Scheduling Conference<br>Date: September 20, 2021<br>Time: 9:00 a.m. |
| Defendant(s). | |

Pursuant to the Court's June 16, 2021, Order Setting a Scheduling Conference, which is presently scheduled for **Monday, September 20, 2021, at 9:00 a.m.**, Plaintiff Artis Cash, through his counsel Jonathan A. Stieglitz, Esq., Defendant Transunion, LLC ("Transunion") through its counsel Jennifer Bergh, Esq., Defendant Synchrony Bank ("Synchrony") through its counsel Raymond G. Hora, Esq. hereby submit their Joint Report.

1. **The basis for the court's subject matter jurisdiction over plaintiff's claims and defendant's counterclaims, whether any issues exist regarding personal jurisdiction or venue, whether any parties remain to be served, and, if any parties remain to be served, the date by which**

1

**service will be completed and an explanation as to why service has not been completed:**

Plaintiff: This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1367, as well as 15 U.S.C. § 1681p et seq. Additional claims fall under 28 U.S.C. § 1331, as well as 15 U.S.C. § 1692 et seq.

Additionally, this Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331, as well as 15 U.S.C. § 1692 et. seq. and 28 U.S.C. § 2201. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2).

**Status of Service:**

Defendant Transunion has been served in this action.

Defendant Synchrony has been served in this action.

**2. A brief chronology of the facts and a statement of the principal factual issues in dispute**

**Plaintiff's Position**: Plaintiff filed this action on April 29, 2021 for damages and declaratory and injunctive relief arising from the Defendants' violations of 15 U.S.C. § 1681 et seq., commonly known as the Fair Credit Reporting Act ("FCRA"). Specifically, Defendant Synchrony furnished false and inaccurate information regarding the Plaintiff to the credit reporting bureaus, Experian and Transunion. The reporting of this tradeline is inaccurate because the tradeline contained inconsistent balances that would confuse both the Plaintiff and any party reviewing his credit report what amount if any was actually owed. Plaintiff notified the Bureaus that he disputed the accuracy of the information the Bureaus were reporting, on or around April 18, 2019, with a dispute letter sent directly to each Bureau detailing the issue of this account. Nevertheless, Defendants failed to conduct a reasonable investigation and continued to report false and inaccurate adverse information on the consumer report of the Plaintiff with respect to the disputed account.

Plaintiff filed this action on April 29, 2021 for damages and declaratory and

injunctive relief arising from the Defendants' violations of 15 U.S.C. § 1681 et seq., commonly known as the Fair Credit Reporting Act ("FCRA"). Specifically, Defendant Conn furnished false and inaccurate information regarding the Plaintiff to the credit reporting bureaus, Experian, Equifax and Transunion. The reporting of this tradeline is inaccurate because the tradeline contained inconsistent balances that would confuse both the Plaintiff and any party reviewing his credit report what amount if any was actually owed. Plaintiff notified the Bureaus that he disputed the accuracy of the information the Bureaus were reporting, on or around April 18, 2019, with a dispute letter sent directly to each Bureau detailing the issue of this account. Nevertheless, Defendants failed to conduct a reasonable investigation and continued to report false and inaccurate adverse information on the consumer report of the Plaintiff with respect to the disputed account.

**Transunion's Position:** As discovery has yet to commence, Trans Union cannot provide this Court with a complete factual background of the case as it relates specifically to Plaintiff. Upon information and belief, Trans Union has accurately reported credit information pertaining to the Plaintiff. Further, Trans Union properly investigated Plaintiff's disputes as required by the FCRA, updated the information as appropriate, and timely reported the results of those investigations to Plaintiff. At all relevant times, Trans Union maintained and followed reasonable procedures to avoid violations of the Fair Credit Reporting Act and assure maximum possible accuracy of the information concerning Plaintiff in preparing consumer reports related to Plaintiff. Trans Union accepted information regarding Plaintiff from reliable sources. Trans Union may reasonably rely upon the data furnisher, which is required to investigate a consumer dispute under 1681s-2(b) after receiving notice from a consumer reporting agency. Trans Union has not acted with malice, negligent, willful or reckless intent to harm Plaintiff, nor with reckless or conscious disregard for the rights of Plaintiff, and Trans Union has fully complied with the FCRA. Trans

Union will also show that any alleged damage suffered by Plaintiff was not caused by Trans Union.

In addition, at this time Trans Union does not have knowledge or possession of facts or documents controlled by the Plaintiff, and the remaining Defendants. Therefore, this statement is based on the facts known by Trans Union at this time. Trans Union makes this statement without waiving any defense and reserves the right to supplement this statement as the facts are developed.

**Synchrony:** Synchrony denies the Plaintiff's allegations as they pertain to Synchrony and denies that Synchrony willfully or negligently violated the FCRA.

3. **A brief statement, without extended legal argument, of the disputed points of law, including reference to specific statutes and decisions.**

**Plaintiff:** Defendants violated 15 U.S.C. § 1681 et seq., by publishing inaccuracies on Plaintiff's credit report; by failing to fully and improperly investigate Plaintiff's dispute; and by failing to correct and/or remove the inaccurate information from Plaintiff's credit report.

**Transunion:** The principal issues are whether Plaintiff's Trans Union credit files contained any inaccuracy; whether any Trans Union consumer report(s) regarding Plaintiff contained an inaccuracy; whether Trans Union conducted a reasonable reinvestigation in response to Plaintiff's dispute(s); whether Trans Union maintained reasonable procedures to assure the maximum possible accuracy of consumer report(s) regarding Plaintiff; whether any failure to conduct a reasonable investigation or maintain reasonable procedures was willful or negligent; whether Plaintiff suffered any damages; and whether Plaintiff alleged damages were caused by Trans Union.

**Synchrony:** To the extent that Synchrony received any disputes from any credit reporting agencies, Synchrony reasonably investigated the disputes and furnished accurate information concerning Plaintiff's account(s).

**4. All prior and pending motions, their current status, and any anticipated motions**

**Plaintiff:** Plaintiff anticipates filing a Motion for Summary Judgment.

**Transunion:** Trans Union intends to file a Motion for Summary Judgment as well as Motions in Limine, if appropriate.

**Synchrony:** Synchrony may file a dispositive motion if appropriate. Synchrony also intends to seek a protective order in regard to any discovery conducted.

**5. The extent to which parties, claims, or defenses are expected to be added or dismissed and a proposed deadline for amending the pleadings.**

**Plaintiff:** The Plaintiff does not anticipate amendments to the pleadings.

**Transunion:** Trans Union does not anticipate amendments to the pleadings, but reserves the right to amend as permitted by the Scheduling Order and Federal Rules.

**Synchrony:** Synchrony may seek to amend its pleadings to assert a counterclaim for any balance owed on the Plaintiff's account(s).

**6. Anticipated discovery and the scheduling of discovery, including:**

**(1) What changes, if any, should be made in the timing, form, or requirement for disclosures under Rule 26(a), including a statement as to when disclosures under Rule 26(a)(1) were made or will be made, and whether further discovery conferences should be held:**

The Parties will exchange Rule 26(a)(1) Disclosures within 14 days of the Rule 26 Conference. The parties agree to serve a maximum of 25 requests for admission by each party to any other party. The parties further agree to serve a maximum of 25 requests for production of document by each party to any party.

**(2) The subjects on which discovery may be needed, when discovery**

**should be completed, and whether discovery should be conducted in phases:**

**Plaintiff:** Plaintiff seeks discovery as to Defendant's practices and procedures for monitoring and processing of its debtor files, including Plaintiff's. Plaintiff does not believe discovery should be conducted in phases.

Discovery to be completed: February 18, 2022

**Transunion:** Based on what is presently known, Defendant Trans Union anticipates conducting discovery on the following: the facts and circumstances surrounding the allegations in Plaintiff's Complaint, the accuracy of the disputed accounts, communications between Plaintiff and the Defendants, reinvestigations conducted by the Defendants, communications between Plaintiff and his creditors, the facts and circumstances surrounding Plaintiff's alleged damages, Plaintiff's failure to mitigate his alleged damages, causation relating to Plaintiff's alleged damages, the facts and circumstances surrounding Plaintiff's alleged adverse credit action, Plaintiff's credit history and usage, the facts and circumstances surrounding any third parties who have allegedly received or reviewed Plaintiff's consumer report; and any other issues raised by the pleadings or discovery. Trans Union anticipates taking the deposition of Plaintiff, the individuals identified in Plaintiff's disclosures, Plaintiff's experts if applicable, and any third-party witnesses with knowledge regarding the allegations against Trans Union.

**Synchrony:** Synchrony intends to seek discovery concerning Plaintiff's allegations concerning liability and damages. Synchrony may also seek discovery concerning the consumer reports issued by co-defendant TransUnion.Conn:

7. **Whether the case is related to any other case pending in this district, including the bankruptcy court of this district:**

N/A

8. **Relief Sought by the Complaint or Counterclaim:**

**Plaintiff:** Plaintiff seeks statutory damages as provided for in 15 U.S.C. §§

1681(n) and 1681o and 1692k(a)(2)(A), in an amount as the Court may allow. Additionally, Plaintiff seeks costs of this action together with a reasonable attorney's fee as determined by the Court.

**Transunion:** Trans Union has not asserted a counter claim at this time.

**Synchrony:** Synchrony has not presently asserted any counterclaims or crossclaims but reserves the right to do so if appropriate. Presently, Synchrony seeks no relief other than dismissal of Plaintiff's claims against Synchrony with prejudice.

**9. Whether each party has filed the "Certification as to Interested Parties or Persons" required by the Local Rules.):**

**Plaintiff:** Plaintiff has filed his Certification as to Interested Parties.

**Transunion:** Trans Union filed a Certifications as to Interested Parties.

**Synchrony:** Synchrony has filed its Certification (ECF no. 25).

**10. An appropriate last date for the completion of discovery and the hearing of motions, a date for a final pretrial conference and a trial date**

**Plaintiff:** Plaintiff proposes a discovery cut-off date of February 18, 2022; a motion hearing cut-off date of March 25, 2022; final pre-trial conference date of May 18, 2022; and a trial date of July 8, 2022.

**Transunion:** Trans Union is in agreement with Plaintiff's proposed dates and deadlines.

**Synchrony:** Synchrony is in agreement with Plaintiff's proposed dates and deadlines.

**11. Whether the case will be tried to a jury or to the Court and a preliminary estimate of the time required for trial:**

**Plaintiff:** Plaintiff has demanded a jury trial in this case. Plaintiff anticipates a 2–3-day jury trial.

**Transunion:** Trans Union is in agreement.

**Synchrony:** Synchrony is in agreement with Plaintiff's estimated trial duration.

**12. Proposed modification of standard pretrial procedures because of the simplicity or complexity of the case:**

N/A

**13. Efforts made to settle or resolve the case to date, and the parties' views as to an appropriate plan for maximizing settlement prospects**

The Parties have not yet engaged in settlement discussions.

**14. Whether the case is complex or requires reference to the procedures set forth in the Manual on Complex Litigation.**

The Parties do not believe the case is complex.

**15. What motions the parties are likely to make that may be dispositive or partially dispositive;**

**Plaintiff:** Plaintiff anticipates filing a Motion for Summary Judgement.

**Transunion:** Trans Union anticipated filing a Motion for Summary Judgment as well as Motions in Limine, if appropriate.

**Synchrony:** Synchrony reserves the right to file a dispositive motion if appropriate.

**16. Any unusual legal issues presented by the case;**

The parties agree that there may be a need for discovery in this case to be governed by a protective order. If the parties agree concerning the need for and scope and form of such a protective order, their counsel will confer and then submit a jointly proposed protective order to the Court at such time. Such jointly proposed protective orders must include, in the first paragraph, a concise but sufficiently specific recitation of the particular facts in this case that would provide the court with an adequate basis upon which to make the required finding of good cause pursuant to Fed. R. Civ. P. 26(c). If the parties disagree concerning the need for, and/or the scope

or form of a protective order, the party or parties seeking such an order shall file an appropriate motion and supporting memorandum.

**17.   Proposals regarding severance, bifurcation, or other ordering of proof.** None at this time.

Dated:  September 15, 2021

                    Respectfully Submitted,

*/s/ Jonathan A. Stieglitz*
Jonathan A. Stieglitz
SBN 278028
The Law Offices of
Jonathan A. Stieglitz
11845 W. Olympic Blvd, Ste 800
Los Angeles, CA 90064
Tel: 323-979-2063
Jonathan.a.stieglitz@gmail.com
*Counsel for Plaintiff*


*/s/ Raymond G. Hora*
Raymond G. Hora (SBN 335123)
rhora@reedsmith.com
REED SMITH LLP

Telephone: +1 415-543-8700
Facsimile: +1 415-391-8269
*Counsel for Synchrony Bank*


*/s/ Jennifer Bergh*
Jennifer Bergh (SBN 305219)
jbergh@qslwm.com
QUILLING, SELANDER, LOWNDS,
WINSLETT & MOSER, P.C.
*Counsel for Trans Union LLC*